UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF ) <br> DEPOSIT GUARANTEE FUND OF UKRAINE ) <br> ) <br> Pursuant to 28 U.S.C. § 1782, ) <br> For an Order to Obtain Discovery ) <br> In Aid of a Foreign Proceeding ) <br> ) | Case No: _____ |

**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

The Applicant, the Deposit Guarantee Fund of Ukraine ("Applicant" or "DGF"), as the appointed liquidator of the Public Joint-Stock Company Fidobank ("Fidobank"), by and through its undersigned counsel, respectfully applies to this Court for an order pursuant to 28 U.S.C. § 1782 in the form attached hereto as Exhibit A authorizing Applicant to issue a subpoena *duces tecum* to the Bank of New York Mellon ("Bank of New York" or "BNY"), in substantially the form attached hereto as Exhibit B. DGF commenced this proceeding at the express suggestion of BNY.

As is set forth more particularly in Applicant's supporting memorandum of law and supporting declarations, DGF's Section 1782 application meets all of the statutory and discretionary factors considered under Section 1782 in that the Applicant, as an interested party, seeks documents and information from the Bank of New York, which resides and conducts business within the Southern District of New York, for use in two-(2) ongoing foreign proceedings in the Ukraine.

First, Applicant seeks documents and information (*i.e.*, principally historical account statements and account documents) from the Bank of New York pertaining to one of Fidobank's former, now inactive accounts at BNY, account number 8900061448 (the "BNY Correspondent

1

Account"), in aid of Applicant's duties[1] as the duly appointed liquidator of Fidobank (the "Liquidation Proceeding"). The Liquidation Proceeding was commenced on July 19, 2016, and DGF, as the duly appointed liquidator of Fidobank subject to the supervision of the National Bank of Ukraine ("NBU"), has since discovered that the BNY Correspondent Account was opened on or around September 17, 1993, and later closed at the direction of Fidobank's appointed liquidator, Mr Oleksandr Kovalenko on July 7, 2016.

Applicant has good reason to believe that Oleksandr Yevhenovych Adarich ("Mr. Adarich"), who held approximately 99.9692% of Fidobank's shares directly or indirectly through various corporate entities illicitly and improperly transferred funds from Fidobank, through the BNY Correspondent Account, to certain foreign companies that Applicant believes to be owned and/or controlled by Mr. Adarich. Thus, BNY's documents pertaining to the BNY Correspondent Account are necessary for Applicant to, *inter alia*, fulfill its liquidator duties in the Liquidation Proceeding and will help Applicant, *inter alia*, determine the nature and extent of the wrongful transfers Mr. Adarich allegedly made through and with the BNY Correspondent Account, the destination of those wrongful transfers, and the recipient(s) of those wrongful transfers. As the duly appointed liquidator of the Liquidation Proceeding, Applicant is an interested party.

Second, Applicant seeks documents and information from the Bank of New York in aid of an ongoing civil proceeding in Ukraine commenced and initiated by Applicant in the commercial court of Kyiv, styled as <u>DGF v Oleksandr Adarich and others,</u> Case No. 46-21053/19 (the "Ukrainian Civil Proceeding"). In the Ukrainian Civil Proceeding, Applicant is alleging that, *inter*

---

[1] As the duly appointed liquidator of Fidobank, Applicant has the power to, *inter alia*: (i) investigate the bank's history and bring claims against parties believed to have caused its insolvency; (ii) exercise management powers and take over management of the bank; (iii) compile a register of creditor claims and seek to satisfy those claims; (iv) take steps to find, identify, and recover property belonging to the bank; (v) dismiss employees and withdraw from or terminate contracts; (vi) dispose of the bank's assets; and (vii) exercise such other powers that are necessary to complete the liquidation of the bank.

*alia*, certain of Fidobank's past related persons are liable for Fidobank's outstanding debt to creditors due to wrongfully acquiring and using Fidobank's property. Among the nine defendants in the Ukrainian Civil Proceeding alleged to be Fidobank's past related persons is Mr. Adarich. The documents pertaining to the BNY Correspondent Account will similarly be of important and viable use for Applicant in the Ukrainian Civil Proceeding to ascertain whether and to what extent Mr. Adarich has wrongfully and/or illicitly gained Fidobank's property and, correspondingly whether and to what extent Mr. Adarich should be liable for the outstanding sums due to Fidobank's creditors. As the plaintiff in the Ukrainian Civil Proceeding, Applicant is an interested party.

Applicant is not deploying the present Application to circumvent the requirements of either the Liquidation Proceeding or the Ukrainian Civil Proceeding (collectively the "Proceedings"). The Bank of New York is not a party to either of the Proceedings. Both of the Proceedings are receptive to this form of discovery and the discovery sought is not unduly burdensome or intrusive. Applicant is indeed making these document requests as the authorized liquidator of Fidobank, and in so doing, is only asking for information regarding Fidobank's own account (*i.e.*, the BNY Correspondent Account) solely so it can carry out its duties in good faith and vindicate its claims to the fullest extent, as there are no other means to obtain the information sought.

In further support of this Application, and in addition to Applicant's supporting memorandum of law, Applicant also submits the supporting Declaration of the undersigned (the "Nealon Declaration") and the Declaration of Mr. Viktor Novikov, Deputy Managing Director of DGF (the "Novikov Declaration").

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 28 U.S.C. § 1782, the Applicant respectfully requests that this Court enter an Order:

1. Granting Applicant's application to issue a subpoena *duces tecum*, substantially in the form attached to this Application as Exhibit B, for discovery from Bank of New York Mellon pursuant to 28 U.S.C. § 1782.

2. Appointing the undersigned to issue and sign the subpoena *duces tecum*, substantially in the form submitted along with this Application, and serve the subpoena in accordance with the Federal Rules of Civil Procedure.

3. And to take any such other and further actions as might be necessary for the Applicant to enforce the subpoena *duces tecum*.

Dated: New York, New York
October 20, 2022

THE APPLICANT
DEPOSIT GUARANTEE FUND OF UKRAINE

By: _____
James Nealon, Esq.
WITHERS BERGMAN LLP
430 Park Avenue, 10th Floor
New York, New York 10022
Tel: (212) 848-9800
Fax: (212) 848-9888
james.nealon@withersworldwide.com

*Attorney for Applicant Deposit Guarantee Fund of Ukraine*