UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF ) <br> DEPOSIT GUARANTEE FUND OF UKRAINE ) <br> ) <br> Pursuant to 28 U.S.C. § 1782, ) <br> For an Order to Obtain Discovery ) <br> In Aid of a Foreign Proceeding ) <br> ) | Case No. 22-MC-00293-RA-RWL |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, on October 10, 2022, the Deposit Guarantee Fund of Ukraine ("**Applicant**" or "**DGF**"), as the appointed liquidator of the Public Joint-Stock Company Fidobank ("**Fidobank**"), filed an application for an order pursuant to 28 U.S.C. § 1782 (the "**Section 1782 Application**") to issue a subpoena *duces tecum* to the Bank of New York Mellon ("**BNYM**"); and

WHEREAS, this Court granted DGF's application to obtain discovery from BNYM in accordance with the applicable Federal Rules of Civil Procedure, the Court's local rules and 28 U.S.C. § 1782 on November 1, 2022 (the "**November Order**") on matters raised in DGF's Section 1782 Application, as more particularly set forth in the Section 1782 Application, for use by DGF in its capacity as the appointed liquidator of Fidobank including in aid of <u>DGF v. Oleksandr Adarich and Others</u>, Case No. 910/17910/19, [1] pending in Ukraine (hereinafter sometimes referred to collectively as the "**Ukrainian Proceedings**");

WHEREAS, DGF served a subpoena *duces tecum* upon the BNYM pursuant to the November Order;

WHEREAS, DGF and BNYM (the "**Parties**" and each a "**Party**") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby:

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with this Section 1782 Application:

1.    A Party may designate any document or information, in whole or in part, as confidential if the Party determines, in good faith, that such designation is necessary to protect the interests of the disclosing Party in information that is proprietary, a trade secret, or otherwise

---

[1]    DGF notes that there was an error in the original DGF application and Court Order granting DGF's proposed Section 1782 Order in that DGF's counsel inadvertantly and mistakenly referenced the wrong docket number for the Ukrainian Proceedings as Case No. 46-21053/19, when in fact it is Case No. 910/17910/19, and has now corrected that oversight by including the correct case number herein.

sensitive non-public information, inclusive of the Party's business interests or the business interests of the Party's customers or clients ("**Confidential Information**"). Information and documents designated by a Party as Confidential Information will be stamped "CONFIDENTIAL."

2. This Stipulation must be signed by counsel for the Parties as a pre-condition to BNYM's production of subpoenaed documents to DGF that BNYM intends to designate as Confidential Information and shall become effective upon counsel for DGF's signature (the "**Effective Date**"). DGF shall seek entry by the Court of this Agreement as an Order within ten (10) days of the Effective Date.

3. The Confidential Information subject to this Stipulation shall only be used in connection with this Section 1782 Application, the November Order, the pending Ukrainian Proceedings, or any proceedings related to the pending Ukrainian Proceedings (including, without limitation, in connection with pretrial, discovery proceedings, and as evidence in any application, motion, hearing, administrative proceeding, trial or other proceeding concerning the Ukrainian Proceedings, or DGF's administration of the liquidation of Fidobank (collectively, the "Permitted Uses"). Confidential Information shall not be used or disclosed for any purpose outside of the Permitted Uses

4. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. The Confidential Information shall continue to be treated as Confidential Information unless and until there is a final ruling by the Court or any appellate court concerning the designation.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties and their counsel, including in-house counsel, as well as employees and agents of the Parties and their counsel;

    b. Consultants or experts assisting in the liquidation of Fidobank or the prosecution or defense of the Ukraine proceedings;

    c. Any parties to the Ukrainian Proceedings or legal proceedings ancillary thereto;

    d. Witnesses or potential witnesses in relation to the prosecution or defense of the Ukrainian Proceedings or the liquidation of Fidobank;

    e. The Court (including any mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

    f. The Ukrainian Court in the Ukrainian Proceedings or any Ukraine governmental entity involved in the Fidobank liquidation proceedings being managed by DGF; and

    g.  Any other Court to which DGF may apply for the purposes of either commencing proceedings against Oleksandr Adarich and Others, seeking discovery in aid of the Ukrainian Proceedings or enforcement of any judgment obtained by DGF in the Ukrainian Proceedings.

  6.  Before counsel may show or disclose Confidential Information to any non-party witness, expert, vendor or consultant, that witness, expert, vendor or consultant shall be provided a copy of this Stipulation and the person's written agreement in the form attached as Exhibit A to abide by its terms must be obtained. Any disclosure of Confidential Information to non-party witnesses, experts, vendors and/or consultants must be either useful, in furtherance of or necessary, in the opinion of counsel, for the preparation for or conduct of the Ukrainian Proceedings.

  7.  The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

  8.  A Party's inadvertent disclosure of any information subject to the claim of attorney-client privilege, attorney work-product or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim.

  9.  Neither shall this Stipulation be construed as requiring the Parties or any other branch or subsidiary of a Party to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered as a waiver thereof.

  10.  Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained in a manner that is secure.

  11.  Notwithstanding the designation of information or documents as "CONFIDENTIAL" in discovery, there is no presumption that such information shall or must be filed with any applicable court or regulatory body, as applicable, under seal. However, any person filing, submitting or otherwise using Confidential Information in any such proceeding shall make every reasonable effort to prevent the Confidential Information from becoming part of the public record, where such reasonable efforts may include filing such documents under seal. The Parties or persons are to follow any applicable court's procedures (either in the S.D.N.Y, the Ukrainian Proceedings or any other applicable foreign court) for requests for filing under seal.

  12.  The obligations under this Stipulation shall survive the termination of the Ukrainian Proceedings and continue to bind the Parties and the persons to whom Confidential Information is disclosed.

  13.  This Stipulation may be signed by the Party's counsel in counterparts with the same force and effect as if all signatures appear on one document and email or facsimile copies of signatures shall have the same force and effect as original signatures.

26989697v.1

14. This Stipulation shall be governed by, and construed and interpreted in accordance with, the law of the State of New York. Any action or proceeding related in any way to this Stipulation shall be brought in any State or Federal court located in the judicial districts of New York City. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding.

15. Nothing herein constitutes an admission by DGF that DGF is not fully authorized, in DGF's capacity as the duly appointed successor to Fidobank, to freely use any account records of Fidobank that might be designated by BNYM as Confidential Information without DGF being subject to any confidentiality requirements under this Stipulation and, as such, all Parties hereto agree that nothing herein is intended to limit or preclude DGF from applying in the future for judicial modification of this Stipulation on said grounds at DGF's election. Likewise, nothing herein constitutes an admission or an agreement by BNYM that "DGF is fully authorized, in DGF's capacity as the duly appointed successor to Fidobank, to freely use any account records of Fidobank that might be designated by BNYM as Confidential Information without DGF being subject to any confidentiality requirements under this Stipulation." Moreover, all Parties hereto agree that nothing herein is intended to limit or preclude BNYM from objecting to or defending against DGF's application in the future for judicial modification of this Stipulation.

SO STIPULATED AND AGREED.

Dated: February 13, 2023

New York, New York

*james E. Nealon*
--------------------------------
Counsel for Applicant Deposit
Guarantee Fund of Ukraine

James Nealon, Esq.
Withers Bergman LLP
430 Park Avenue, 10th Floor
New York, New York 10022
Tel: (212) 848-9800
Fax: (212) 848-9888
james.nealon@withersworldwide.com

February 13, 2023

New York, New York,

//Mark S. Goldstein
--------------------------------
Counsel for Respondent Bank of New York Mellon

Mark S. Goldstein
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 549-0328
Fax: (212) 521-5450
mgoldstein@reedsmith.com

Stephanie Wilson
Reed Smith LLP
506 Carnegie Center, Suite 300
Princeton, NJ 08540-7839
Tel: +( 609) 520-6031

Fax: +(609) 951-0824
SWilson@ReedSmith.com

SO ORDERED.

2/15/2023

HON.  ROBERT W. LEHRBURGER, U.S.M.J.

26989697v.1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF )<br>DEPOSIT GUARANTEE FUND OF UKRAINE )<br> )<br>Pursuant to 28 U.S.C. § 1782, )<br>For an Order to Obtain Discovery )<br>In Aid of a Foreign Proceeding )<br> ) | Case No. 22-MC-00293-RA-RWL |

**DECLARATION OF COMPLIANCE WITH AGREED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

I, _____, declare as follows:

1. I have read a copy of the Confidentiality Stipulation And Protective Order dated _____ ("Confidentiality Stipulation") and I agree to be bound by its terms.

2. I agree that any documents, information, materials or testimony, which are protected under the Confidentiality Stipulation entered in this proceeding and designated as Confidential Information will be used only by me and only in connection with the Ukrainian Proceedings. I agree to comply with the requirements of the Confidentiality Stipulation with respect to my use, including the possible filing, of information covered thereby.

3. I submit to the jurisdiction of the United States District Court for the Southern District of New York, or court of competent jurisdiction, as applicable, for enforcement of the Confidentiality Stipulation.

4. I agree not to disclose or discuss Confidential Information with any person other than those individuals permitted by the Confidentiality Stipulation to review such materials.

I declare under penalty of law that the foregoing is true and correct, and that this Declaration was executed on _____.

_____

(Signature of Declarant)